THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **DANNY LEWIS CONKLIN,** | : | |
| | : | |
| **Plaintiff,** | : | Civil Action |
| | : | No. 5:09-cv-301 (CAR) |
| v. | : | |
| | : | |
| **GEICO INSURANCE COMPANY,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

### ORDER ON MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff Danny Lewis Conklin, proceeding *pro se*, has moved the Court for permission to proceed without prepayment of fees. Review of Plaintiff's affidavit shows that he is indeed indigent and unable to pay such fees or give security therefor, and as such that he is eligible to proceed *in forma pauperis* ("IFP"), pursuant to 28 U.S.C. § 1915(a). Review of his Complaint, however, shows that his claims are without arguable merit in law or in fact. Accordingly, Plaintiff's motion to proceed IFP (Doc. 2) is **GRANTED**, and it is further ordered that Plaintiff's Complaint shall be **DISMISSED, WITH PREJUDICE**.

With regard to his claim of indigence, Plaintiff's affidavit shows that he has been incarcerated for over two years, and that he has no income or assets. He is clearly unable to pay any court fees.

Although Plaintiff is eligible to proceed IFP, his Complaint must be dismissed because it is frivolous and fails to state any claim upon which relief may be granted. The federal *in forma pauperis* statute requires courts to dismiss an indigent action if the action is determined to be frivolous or malicious.  28 U.S.C. § 1915(e)(2)(B)(i). This statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Neitzke v. Williams, 490 U.S. 319, 327 (1989).

Plaintiff's Complaint fails to state a claim upon which relief can be granted because GEICO Insurance Company ("GEICO") is not a proper defendant in this case. Plaintiff seeks to recover against for the mental and emotional pain and suffering he endured upon learning that his sister had been struck and killed by a motorcycle driven by one of GEICO's policyholders.  In Georgia, a plaintiff who is not in privity of contract with an insurer "may not bring a direct action against the liability insurer of the party who allegedly caused the damage unless there is an unsatisfied judgment against the insured or it is specifically permitted either by statute or a provision in the policy."  Crane v. State Farm Ins. Co., 278 Ga.App. 655, 656 (Ga.Ct.App. 2006). There is no such exception specifically permitting a direct action against the insurer in this case.

Even if Plaintiff had named the motorcycle driver as defendant, his Complaint would fail to state a claim upon which can be granted, because the cause of action the Complaint pleads is not authorized by Georgia law. Plaintiff's Complaint amounts to a claim of negligent infliction of emotional distress. Georgia law permits such claims only in cases where the emotional distress is related to a physical injury sustained by the plaintiff. See Lee v. State Farm Mut. Ins. Co., 272 Ga. 583 (Ga. 2000). Plaintiff's Complaint in this case indicates that Plaintiff himself did not sustain any physical injury or impact in the collision that resulted in his sister's death. Plaintiff did not even witness the collision, as he was incarcerated in another state at the time the incident occurred. In the absence of any physical impact to Plaintiff himself, there is no cause of action for negligent infliction of emotional distress. Because the claims pled in Plaintiff's Complaint are not authorized by Georgia law, the Complaint must be dismissed.

**SO ORDERED** this 20th day of October, 2009.

                                                        S/ C. Ashley Royal
                                                        C. ASHLEY ROYAL
                                                        United States District Judge

chw